<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 02-4949**

_____

UNITED STATES OF AMERICA,

                      Plaintiff - Appellee,

     versus

THOMAS MATEO, a/k/a Perfecto Mateo-Serrano,
a/k/a Tony Montana,

                      Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CR-01-272)

_____

Submitted: July 15, 2003         Decided: August 6, 2003

_____

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Gregory John Ramage, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tomas Mateo pleaded guilty to conspiracy to distribute at least 500 grams of cocaine, 21 U.S.C. § 846 (2000), and using and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2000). He was sentenced to 292 months on Count One, to be followed by sixty months on Count Two. Mateo's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one claim but stating that, in his opinion, there are no meritorious issues for review. Mateo was informed of his right to file a pro se brief, but has not filed such a brief. We affirm.

In the Anders brief, Mateo argues that trial counsel was ineffective for failing to obtain a more favorable plea agreement and a more lenient sentence. We note that Mateo pleaded guilty to two counts of a six-count indictment and the Government dropped the remaining four counts in exchange for the guilty plea. After thoroughly reviewing the materials before us, we conclude that ineffective assistance does not conclusively appear on the face of the record. Mateo should raise his ineffectiveness claim, if at all, in a motion filed pursuant to 28 U.S.C. § 2255 (2000). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

We accordingly affirm. We have, as required by Anders, reviewed the entire record and have found no meritorious issues for

2

appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Mateo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that copy of the motion was served on Mateo. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED